UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

YUDELSI ROQUE PAREDES, et al.,

                        **Plaintiffs,**

             -against-

LONDON BOY SPORTSWEAR LTD, et al.,

                        **Defendants.**
------------------------------------------------------------------X

**25-CV-02198 (AT)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

Defendants have moved for reconsideration of the Court's oral ruling issued at the April 30, 2026 conference. At that conference, the Court denied Defendants' motion for, among other things, attorney's fees and costs for the January 6, 2026 deposition of Plaintiff Maximo Espinal. See ECF No. 114. Although the Court concluded that Plaintiff's counsel engaged in inappropriate speaking objections and other disfavored conduct, sanctions were not warranted. Immediately thereafter, Defendants moved for reconsideration, seeking attorney's fees, costs, and a reopening of Plaintiff Espinal's deposition. See ECF No. 157. The motion is DENIED.

The standard for granting a motion for reconsideration is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Because reconsideration of a court order is "an extraordinary remedy," it must "be employed sparingly in the interests of finality and conservation of scarce judicial resources." Anwar v. Fairfield Greenwich Ltd., 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). To prevail on a motion for reconsideration, the moving party must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of

Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)). Thus, motions for reconsideration are not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks and citations omitted); Schrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Defendants do not argue that there has been a change in the controlling law, clear error, or that a manifest injustice will result from the Court's decision. Defendants' counsel raises new communications with Plaintiff's counsel that Defendants characterize as "unethical threats." ECF No. 157 at 2. The Court declines to address the merits of these allegations, which apparently occurred during a meet-and-confer in connection with a separate case, and which Plaintiff's counsel disputes. See ECF No. 166. And, in any event, even if true, such allegations do not warrant reconsideration of the Court's ruling. The Court further declines to reopen Plaintiff Espinal's deposition, which was terminated by Defendant's counsel with time remaining on the seven-hour limit. Fact discovery is closed, and a reopening would cause further delay.

Accordingly, the motion for reconsideration is DENIED. The Clerk of Court is requested to terminate the motions at ECF Nos. 114 & 157.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    June 8, 2026
          New York, New York

2